UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLEMON LINDSEY #313400** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1593** |
| **N. BURL CAIN, WARDEN** | **SECTION "K" (6)** |

## ORDER AND OPINION

Before the Court is a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 filed by petitioner Clemon Lindsey, currently a state prisoner at Louisiana State Penitentiary in Angola, Louisiana. Having reviewed the petition (Doc. 1), the record, including the state court record, the applicable law, the Report and Recommendation of the Magistrate Judge (Doc. 52), and petitioner's objections to the Report and Recommendation (Doc. 53), the Court agrees with the Magistrate Judge's Report and Recommendations, adopts his findings as its own, and dismisses Clemon Lindsey's motion for post-conviction relief with prejudice.

BACKGROUND

On February 5, 1998, a grand jury convicted petitioner of second degree murder, a violation of La. R.S. 14:30.1. Thereafter on March 5, 1998, the state district judge sentenced Clemon Lindsey to a term of life imprisonment without benefit of probation, parole, or suspension of sentence.

Petitioner seeks to vacate his conviction and sentence contending that: (1) the selection of the grand jury forepersons in Orleans Parish between 1980 and 1997 violated the 14th Amendment Equal Protection Clause of the United States Constitution; (2) the second degree

murder indictment was defective because if failed to allege the specific elements of the offense; (3) the prosecution suppressed favorable impeachment evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963); (4) the prosecution misled the jury and allowed known false and perjured testimony to go uncorrected; and (5) his trial counsel rendered ineffective assistance of counsel.

This matter was referred to the United States Magistrate Judge Louis Moore, Jr. for the purpose of submission of a Report and Recommendation for disposition. Magistrate Judge Moore recommended dismissal of the petition. The Magistrate Judge correctly analyzed claims 2, 3, 4, and 5, and the petitioner provides no new arguments in his objections to the Report and Recommendation that need to be addressed with regard to these claims. However, with respect to the first claim, that the grand jury and grand jury foreperson selection process was unconstitutional, the petitioner presents new arguments not previously considered in the Magistrate Judge's recommendation. Although the Magistrate Judge accurately addressed the claim that the jury selection process violated the Louisiana state constitution, he did not discuss the petitioner's argument that the selection process violated the 14th Amendment of the United States Constitution[1].

STANDARD OF REVIEW

Where a party makes timely, specific written objections to a magistrate judge's recommendation, the district court shall make a *de novo* determination of those portions of the report or recommendations to which objection is made. 28 U.S.C. §636(b)(1)(C).

---

[1]"Federal habeas corpus relief may be granted only to remedy violations of the U.S. Constitution and laws of the United States; mere violations of state law will not suffice." *See* Rec. Doc. 52 at 25.

LAW AND ANALYSIS

In his objections to the Report and Recommendation, the petitioner cites *Rideau v. Whitley* in an attempt to establish that he had proven a prima facie case of discrimination in the selection of the grand jury and grand jury foreperson that violated his federal constitutional right. *Rideau v. Whitley*, 237 F.3d 472 (5th Cir. 2000). In *Rideau*, the Supreme Court held that a defendant may prove a prima facie case of unconstitutional grand jury selection without showing a statistical disparity over a significant period of time. *Id.* at 488. A defendant's prima facie burden may be satisfied by a showing of disparity in the particular grand jury body that indicted him, along with proof either that (1) the selection process was itself not racially neutral and presented an opportunity for discrimination, or that (2) the jury commissioners had made no attempt to acquaint themselves with eligible members of the African-American community. *Id.*

In *Rideau*, the court reversed the defendant's conviction holding that the defendant had provided sufficient evidence to show disproportionate under-representation of African-Americans in his own grand jury venire, a racially non-neutral selection process, and the failure of the jury commissioners to acquaint themselves with a representative number of African-Americans eligible for jury service. *Id.* Said evidence included statistical evidence of disparity, identification cards used in the selection process that indicated the race of the potential jury venire person, and the testimony of a jury commissioner that he and the other commissioners made no attempts to identify and call upon eligible African-Americans for potential selection as grand jury venire persons. *Id.* With regard to the identification cards, the court reasoned, "in cases in which the jury commissioners have had access to the racial identity of potential grand jurors while engaged in the selection process, the Supreme Court has repeatedly found that the

procedure constituted a system impermissibly susceptible to abuse and racial discrimination." *Id. See also Alexander v. Louisiana*, 405 U.S. 625, 633 (1972) (holding that a grand jury selection process was not racially neutral and the opportunity for discrimination was present where racial designations on questionnaires distributed to potential grand jury members were visible to jury commissioners throughout the selection process); *Castenada v. Partida*, 430 U.S. 482, 495 (1977) (holding that selection process was not racially neutral with respect to Mexican-Americans where Spanish surnames were available to jury commissioners during the selection process because race was easily identifiable); and *Whitus v. Georgia*, 385 U.S. 545, 551 (1967) (finding purposeful discrimination where jury lists were selected from tax digests that color-coded and separated tax returns according to the race of the taxpayer and designated the tax returns of Negro taxpayers with a "(c)" opposite their name).

Here, the petitioner failed to prove a prima facie case of discriminatory purpose in the selection of his grand jury and grand jury forepersons. The petitioner has not provided independent evidence to show a disparity in the particular grand jury that indicted him. Rec. Doc. 52 at 23. Furthermore, unlike the defendant in *Rideau*, who provided the testimony of a jury commissioner and the identification cards used in the jury selection process to support his claims of purposeful discrimination, the petitioner has not introduced evidence showing that the jury commissioners had access to the racial identity of potential grand jury members, that the commissioners had not made any attempts to call upon eligible members of the community, or any other evidence of the like. Therefore, the petitioner cannot establish a prima facie case of equal protection violation based on racially discriminatory grand jury selection. Accordingly,

**IT IS ORDERED** that the federal petition of Clemon Lindsey for *habeas corpus* relief is

**DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 29th day of May, 2009.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE